# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID W. HARDAWAY,

                Plaintiff,

v.

EMILY J. KERR,

                Defendant.

Case No. 18-CV-171-JPS

**ORDER**

Plaintiff David W. Hardaway, who is incarcerated in the Dodge County Detention Facility, proceeds in this matter *pro se*. He filed a complaint alleging that Defendant violated his rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Because of Plaintiff's indigence, the Court waived payment of an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

The court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations are based on a November 28, 2017 parole revocation hearing in Wisconsin state court. (Docket #1 at 2). He states that he appeared at the hearing via video conference. *Id.* Defendant, his parole officer, also participated in the hearing via real-time video and audio transmission from her office. *Id.* Plaintiff states that after the hearing concluded, the video conference remained live. *Id.* According to Plaintiff, Defendant then began to "behave in a very unprofessional manner by violating civil and ethical principles." *Id.* Defendant apparently spoke poorly of Plaintiff to the various witnesses who had attended the hearing. *Id.* at 2-3. She also shared many intimate details about Plaintiff's personal, medical, and criminal history. *Id.* Throughout, Defendant indicated her personal dislike of Plaintiff. *Id.* Plaintiff further alleges that Defendant admitted to seeking a more severe form of revocation to ensure that Plaintiff would serve a longer revocation sentence. *Id.* at 3.

Plaintiff states that Defendant's conduct "violated public and constitutional safeguards" by sharing his personal information. *Id.* at 4. He claims that Defendant was motivated to prejudice the witnesses against Plaintiff so that her revocation case would be strengthened. *Id.* Plaintiff views Defendant's actions as "negligence, slander, hatred, maliciousness, and very poor judgment and lack of discretion." *Id.* He believes that Defendant "is guilty of acts and omissions unbecoming . . . of one in [her] office and position, which renders suspension, demotion, and discharge" appropriate for Defendant. *Id.* Plaintiff wants a finding that his "rights on a constitutional, state, and administrative level [were] violated," that Defendant be removed as his parole officer, that "any questionable testimony provided against me in the present revocation by the witnesses . . . be closely looked at and dismissed or expunged from all records," and finally that he be awarded $4,000 in damages. *Id.* at 5.

Plaintiff's allegations fail to state a claim upon which this Court may grant relief. The primary thrust of Plaintiff's allegations are that Defendant acted unprofessionally. This conduct, while not laudable, does not by itself implicate any constitutional or other federal rights. Because this is a federal court of limited jurisdiction, 28 U.S.C. §§ 1331, 1332, the Court offers no opinion on whether Plaintiff has a state law cause of action against Defendant. If Plaintiff wishes to pursue such a claim, he must do so in Wisconsin state court.

A lesser theme of Plaintiff's pleading is that he feels Defendant's conduct tainted his revocation proceedings. This might implicate Plaintiff's Fourteenth Amendment due process right to a fair revocation hearing. *Alston v. Smith*, 840 F.3d 363, 368 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939-40 (7th Cir. 2007). The problem with this claim depends on the

status of Plaintiff's revocation, which is unclear from his Complaint. If Plaintiff has not yet been revoked, Supreme Court precedent dictates that this Court must abstain from hearing the claim until the state criminal proceedings have concluded. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("*Younger* [*v. Harris*, 401 U.S. 37 (1971)] holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state [criminal] proceedings.").

If Plaintiff has been revoked, then viability of the claim turns on the relief he desires. If Plaintiff seeks release from his revocation sentence, something not expressly stated in his Complaint, that may only be achieved through a writ of habeas corpus. *Whitfield v. Howard*, 852 F.3d 656, 661 (7th Cir. 2017). As to Plaintiff's claim for money damages, it is prohibited by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars "section 1983 suits that d[o] not directly seek immediate or speedier release, but rather s[eek] monetary damages that would call into question the validity of a conviction or term of confinement." *Whitfield*, 852 F.3d at 661. Plaintiff may only pursue money damages once "he receives a favorable decision on his underlying conviction or sentence, such as through a reversal or grant of habeas corpus relief." *Id.*

Despite the Court's concerns, it will allow Plaintiff an opportunity to amend his complaint. Plaintiff should use the opportunity to clarify the facts underlying his allegations, including the status of his revocation proceedings, and the precise forms of relief he seeks. If he chooses to offer an amended complaint, Plaintiff must do so no later than **April 13, 2018**. If he does not do so, this action will be dismissed. Plaintiff should be aware that an amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v.*

*Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

The Court will also address Plaintiff's pending motion for appointment of counsel. Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent an indigent plaintiff if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

Plaintiff's four-sentence motion does not satisfy either element. He says that he has "made efforts to get attorneys to assist with this matter," but provides no evidence to support that assertion. Further, this matter is not complex. It involves conduct on a single day which Plaintiff personally observed. He presents straightforward claims based on facts with which he is intimately familiar. At this juncture, the Court sees no need for appointed counsel. Plaintiff's motion will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **April 13, 2018**, Plaintiff shall file an amended pleading or this action will be dismissed;

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket #4) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 23rd day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge