# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID W. HARDAWAY,<br><br>                              Plaintiff,<br>v.<br><br>EMILY J. KERR and MARY WENDELL,<br><br>                            Defendants. | Case No. 18-CV-171-JPS<br><br><br>**ORDER** |

       On March 23, 2018, the Court screened Plaintiff's Complaint as required by 28 U.S.C. § 1915A. (Docket #9). The Court found that the Complaint failed to state any viable grounds for relief. *Id.* at 4–5. The Court afforded Plaintiff an opportunity to amend his pleading no later than April 13, 2018. *Id.* at 5. This period was later extended to April 23, 2018. (Docket #11). Plaintiff filed an Amended Complaint on April 20, 2018. (Docket #12). The Court must now screen that pleading, and all the same standards announced in the original screening order apply here. (Docket #9 at 1–3).

       In his original Complaint, Plaintiff directed his allegations solely at Defendant Emily J. Kerr ("Kerr") for her conduct at a November 28, 2017 parole revocation hearing. (Docket #1). Plaintiff's Amended Complaint abandons that narrow scope. (Docket #12). Plaintiff's new pleading alleges that he was originally sentenced to 26 years' imprisonment and has been "revoked 4 times and sanctioned at least 4 times." *Id.* at 2. Though not clearly stated, Plaintiff's primary complaint seems to be that he has now served more time in prison than he was supposed to. According to Plaintiff, his revocation sentences and various stints in federal custody "have far

exceeded a mandatory serving of two thirds of a twenty six year sentence." *Id.* at 3.

These allegations are not well tied to the defendants. Plaintiff asserts that Kerr and the new Defendant Mary Wendell ("Wendell"), apparently Kerr's supervisor, have violated his constitutional rights "on several occasions" by "manipulat[ing] my sentence credits to far exceed punishment and time in custody ordered by the original court." *Id.* Plaintiff further alleges that Kerr has acted "capriciously" towards him. *Id.* Finally, Plaintiff suggests that some of his revocation proceedings were part of Kerr's scheme to retaliate against him for complaining about her conduct. *Id.*

The most important development of the Amended Complaint is the relief Plaintiff seeks. He requests that he be immediately released from state custody, as well as an award of money damages. *Id.* at 1–2, 5. Putting aside the many other infirmities in Plaintiff's Amended Complaint, this change dooms Plaintiff's case from the outset. As the Court explained in its original screening order, Plaintiff may only seek release from prison via a petition for a writ of *habeas corpus*. *Whitfield v. Howard*, 852 F.3d 656, 661 (7th Cir. 2017). Such a petition may only be filed in this Court after Plaintiff has exhausted his efforts to vacate his sentence in state court. As to Plaintiff's claim for money damages, it is prohibited by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars "section 1983 suits that d[o] not directly seek immediate or speedier release, but rather s[eek] monetary damages that would call into question the validity of a conviction or term of confinement." *Whitfield*, 852 F.3d at 661. If Plaintiff's allegations are true, they call into question the validity of some or all of Plaintiff's revocation sentences and other criminal penalties imposed upon him.

Because Plaintiff seeks improper forms of relief, the Court must strike his Amended Complaint. Having already afforded Plaintiff an opportunity to correct his pleadings, the Court will not do so again. This action will be dismissed without prejudice. *Id.* at 658.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of the Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g); and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bonafide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge